UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMANDA LEE VARON,<br><br>       Plaintiff<br><br>v.<br><br>MARTIN O'MALLEY,[1]<br>Commissioner of Social Security,<br><br>       Defendant. | Case No. 3:23-CV-00526-CLB<br><br>**ORDER DISMISSING CASE** |

On October 17, 2023, Plaintiff Amanda Lee Varon ("Varon") initiated this action, which involves judicial review of an administrative action by the Secretary of Health and Human Services, denying her claim for disability benefits under the Social Security Act. (ECF No. 1.)

On May 17, 2023, this Court issued an order concerning review of social security cases, (ECF No. 8). The order explicitly required Varon to file any motion for remand or reversal within 60 days of the filing of the certified administrative record. (*Id.* at 2.) On January 2, 2024, Defendant Commissioner Martin O'Malley ("Commissioner") filed the certified administrative record. (ECF No. 13.) Thus, pursuant to this Court's order, Varon had until Friday, September 15, 2023, to file her motion for reversal/remand, but she failed to do so. Thus, the Court *sua sponte* granted Varon an extension to Friday, April 18, 2024, to file her motion for reversal/remand. (ECF No. 19.) The Court cautioned Varon that if she failed to file her motion for reversal/remand, the Court would consider appropriate sanctions. (*Id.*) To date, Varon has not complied with the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

---

[1] Martin O'Malley is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

(9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's warning to a party that her failure to obey the Court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. In the order directing Varon to file her motion for reversal/remand, Varon was cautioned that her failure to do so would result in appropriate sanctions. (ECF No. 19.) Thus, Varon had adequate warning that dismissal could result from her noncompliance

with the Court's order.

Accordingly, **IT IS ORDERED** that Varon's case is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk shall **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DATED**: April 25, 2024

_____
**UNITED STATES MAGISTRATE JUDGE**